UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| JEREMY CROY, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | TRIAL BY JURY DEMANDED |
| ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, ) | |
| PROFESSIONAL TRANSPORTATION, INC. ) | |
| and MATTEW SHUTT, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, JEREMY CROY, by and through his attorneys, DUNN HARRINGTON, LLC, and for his Complaint and Jury Demand against Defendants, NORFOLK SOUTHERN RAILWAY COMPANY, PROFESSIONAL TRANSPORTATION, INC. and MATTHEW SHUTT, states as follows:

## PARTIES

1. Plaintiff, JEREMY CROY, is an individual residing in and a citizen of the State of Ohio.

2. Defendant, NORFOLK SOUTHERN RAILWAY COMPANY ("NS"), is a corporation duly organized and existing under the laws of the State of Virginia with its principal place of business in the State of Virginia.

3. Defendant, PROFESSIONAL TRANSPORTATION, INC. ("PTI"), is a corporation duly organized and existing under the laws of the State of Indiana with its principal place of business in the State of Indiana.

4. Defendant, MATTHEW SHUTT ("SHUTT"), is an individual residing in and a citizen of the State of Ohio.

## JURISDICTION

5. This Court has jurisdiction over Plaintiff's claims pursuant to 45 U.S.C. Sec. 56 (Federal Employers' Liability Act); 28 U.S.C. Sec. 1331 (federal question) and 28 U.S.C. Sec. 1367(a) (supplemental jurisdiction).

## COUNT I -- FEDERAL EMPLOYERS' LIABILITY ACT ("FELA")
## JEREMY CROY V. NORFOLK SOUTHERN RAILWAY COMPANY

6. That at all pertinent times NS owned, managed, maintained and used as a portion of its railroad system a certain facility located in Columbus, Ohio.

7. At all pertinent times NS operated a railroad system as a common carrier of freight in and through various states.

8. This action arises under, and the rights and liabilities of the parties to this cause are governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51-60.

9. On or before May 7, 2021, Plaintiff was employed by NS as a freight conductor.

10. On May 7, 2021, Plaintiff was on duty as a conductor in the course of his employment with NS and was being transported by a van owned and operated by Defendant, PTI, in Columbus, Franklin County, Ohio.

11. At all pertinent times, Plaintiff was performing work for NS in connection with, or in furtherance of, NS's business in interstate commerce and transportation.

12. On May 7, 2021, in the course of his duties, Plaintiff was required to take transportation contracted by his employer, NS, from overnight lodging to a railroad yard owned and operated in Columbus, Ohio commonly referred to as "Watkins yard."

13. On May 7, 2021, PTI was providing transportation services for NS train crews and as such, PTI was an agent of NS for the purposes of the FELA.

14. On May 7, 2021, as Plaintiff was being transported by PTI, at or near the intersection of Alum Creek Drive and Williams Road in Columbus, Ohio, a car driven by Defendant SHUTT came into contact with the PTI van transporting Plaintiff causing a collision.

15. It was the continuing duty of NS, as Plaintiff's employer, at that place and time, to use ordinary care in furnishing Plaintiff with a safe place to work.

16. In violation of its duty, NS negligently failed to provide Plaintiff was a safe place to work by one or more of the following negligent acts or omissions:

    a. Failed to provide Plaintiff with a reasonably safe place to work as is its non- delegable duty under FELA;

    b. Through its agent, PTI, failed to keep a proper lookout and carelessly operated its vehicle;

    c. Failed to ensure that the PTI driver assigned to transport employees was competent to operate the vehicle;

    d. Failed to provide reasonably safe transportation to its employees to their work assignments;

    e. Carelessly and negligently assigned PTI to transport employees without first ensuring that it was safe to do so.

17. NS's failure to provide Plaintiff with a reasonably safe place to work by one or more of the following negligent acts and/or omissions caused, in whole or in part, the Plaintiff to sustain personal injuries.

18. As a consequence, Plaintiff incurred injuries which has caused him pain, suffering, and loss of a normal life; as a further result, Plaintiff has incurred wage losses, medical and other expenses.

WHEREFORE, Plaintiff, JEREMY CROY, demands judgment in his favor and against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in a sum in excess of the jurisdiction minimum, plus costs of this suit.

## COUNT II -- NEGLIGENCE
## JEREMY CROY V. PROFESSIONAL TRANSPORTATION, INC.

19. Plaintiff repeats and incorporates herein by reference each averment contained in paragraphs 1 through 18 above.

20. On May 7, 2021, PTI was providing livery services for NS for its employees working in various locations within the State of Ohio.

21. That on May 7, 2021, PTI was assigned to transport Plaintiff and his crew.

22. That at all pertinent times, PTI was under a duty to exercise the highest degree of care to avoid placing Plaintiff in danger, to exercise the highest degree of care for the safety of the Plaintiff, and to exercise the highest degree of care to operate its vehicle so as to ensure the safety of all persons therein.

23. At that date, time and location, PTI, by and through its agent, was negligent by the following acts or omissions:

    a. Failed to maintain a proper lookout;

    b. Operated its vehicle at an excessive rate of speed for the conditions that existed at the time and place;

    c. Failed to maintain proper control of its vehicle;

      d.      Failed to properly avoid a crash;

      e.      Failed to decrease speed to avoid a collision;

      f.      Failed to ensure that the passenger seatbelts in the van were safe, proper and in working order.

24.    The failure of Defendant, PTI, to exercise reasonable care proximately caused the Plaintiff to suffer personal injury.

25.    As a consequence, Plaintiff incurred injuries which has caused him pain, suffering, and loss of a normal life; as a further result, Plaintiff has incurred wage losses, medical and other expenses.

WHEREFORE, Plaintiff, JEREMY CROY, demands judgment in his favor and against the Defendant, PROFESSIONAL TRANSPORTATION, INC., in a sum in excess of the jurisdictional minimum, plus costs of this suit.

## COUNT III
## JEREMY CROY v. MATTHEW SHUTT

26.    Plaintiff repeats and incorporated herein by reference each averment contained in paragraphs 1 through 26 above.

27.    That on May 7, 2021, Defendant, SHUTT, was driving in a generally westbound direction on Williams Road at or near its intersection with Alum Creek Drive in Columbus, Franklin County, Ohio when his vehicle entered the intersection against a red light and struck the PTI van transporting Plaintiff.

28.    That at all pertinent times, Defendant, SHUTT, was under a duty to exercise ordinary care to avoid placing Plaintiff in danger, to obey the traffic laws of the State of

Ohio and to exercise ordinary care to drive his vehicle so as to ensure safety of all persons.

29. At that time and place, Defendant, SHUTT, was negligent by the following acts or omissions:

    a. Proceeded into an intersection against a red light in violation of Ohio Revised Code Section 4511.13(C)(1)(a);

    b. Failed to maintain a proper lookout;

    c. Failed to decrease speed to avoid a collision;

    d. Operated a vehicle which had not been properly maintained or serviced;

    e. Failed to yield to the right-of-way;

    f. Failed to obey a traffic signal.

30. The failure of Defendant, SHUTT, to exercise reasonable care proximately caused the Plaintiff to suffer personal injury.

31. As a consequence, Plaintiff incurred injuries which has caused him pain, suffering, and loss of a normal life; as a further result, Plaintiff has incurred wage losses, medical and other expenses.

WHEREFORE, Plaintiff, JEREMY CROY, demands judgment in his favor and against the Defendant, MATTHEW SHUTT, in a sum in excess of the jurisdictional minimum, plus costs of this suit.

          Respectfully submitted,

By:   <u>/s/ Robert E. Harrington, III</u>
      Robert E. Harrington, III (#0096206)
      DUNN HARRINGTON, LLC
      22 W. Washington St., Suite 1500
      Chicago, Illinois 60602
      Tel:    (312) 548-7221
      Fx:    (312) 548-7223
      E-mail:    reh@dunnharrington.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| JEREMY CROY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) | |
| PROFESSIONAL TRANSPORTATION, INC. | ) | |
| and MATTEW SHUTT, | ) | |
| | ) | |
| Defendants. | ) | |

## **JURY DEMAND**

The Plaintiff, JEREMY CROY, hereby demands trial by jury.

                                          Respectfully submitted,

By: /s/ Robert E. Harrington, III
      Robert E. Harrington, III (#0096206)
      DUNN HARRINGTON, LLC
      22 W. Washington St., Suite 1500
      Chicago, Illinois 60602
      Tel:   (312) 548-7221
      Fx:   (312) 548-7223
      E-mail:   reh@dunnharrington.com